IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:19-CR-00371-L (04) |
| | § | |
| TERESA ONOFORE FRANCO, | § | |
| #92186-298 | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant Teresa Onofore Franco's ("Defendant") (1) Motion for a Sentence Reduction Under "Part D (Enhanced Penalties for Drug Offenders) § 2D1.1 of the United States Sentencing Guidelines" ("Motion to Correct Sentence") (Doc. 237), filed August 6, 2024; (2) Motion for Reconsideration of Denial of Compassionate Release of the Court's July 9, 2024 Memorandum Opinion and Order ("MOO") ("Motion for Reconsideration") (Doc. 240), filed August 13, 2024; and (3) Motion for Leave to Proceed *In Forma Pauperis* ("IFP") on Appeal of the court's July 9, 2024 MOO ("Motion to Proceed IFP on Appeal") (Doc. 244), filed August 27, 2024. After careful consideration of the Motions and applicable law, the court **denies** the Motion to Correct Sentence and Motion for Reconsideration. The court **grants** the Motion to Proceed IFP on appeal.

I.   Background

Defendant pleaded guilty to one count of possession with intent to distribute a controlled substance under 21 U.S.C. § 841(a)(1) and (b)(1)(C). Doc. 181. On May 16, 2022, the court sentenced Defendant to 156 months' imprisonment. *See id.* at 2. Defendant's projected release date is January 14, 2030. *See* Inmate Locator (bop.gov) (search for Defendant's prison number; last visited September 18, 2024).

On July 9, 2024, the court issued a MOO denying Defendant's motions for a compassionate release under 18 U.S.C. § 3582(c)(1)(A) in which she argued, as relevant here, that her children's caregivers were incapacitated. *See* Doc. 229. The court also, in that same MOO, denied Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. *See id.* On July 22, 2024, Defendant signed a notice of appeal of the July 9th MOO, which the Court received on July 30, 2024, and that appeal remains pending. Doc. 234 at 2.

On July 26, 2024, Defendant signed her Motion for Reconsideration of the court's July 9th MOO, and the court received the motion on August 13, 2024. Doc. 240 at 2. On August 1, 2024, Defendant signed her Motion to Correct Sentence, arguing that the supposed retroactive application of "Part D" of § 2D1.1 of the Sentencing Guidelines warrants a sentence reduction, and the court received the motion on August 6, 2024. Doc. 237. On August 19, 2024, Defendant signed her motion to proceed IFP on her appeal of the July 9th MOO, and the court received the motion on August 27, 2024. Doc. 244.

**II.   Discussion**

**A.   Motion to Correct Sentence (Doc. 237)**

Defendant contends that the court should correct her sentence under "Part D" of § 2D1.1 of the Sentencing Guidelines. This Motion is denied.

Initially, because Defendant appealed the court's July 9th MOO denying her requests for a sentence reduction, the court lacks jurisdiction to consider her new request for a sentence reduction, because "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (citations omitted). Because the issue of whether to award a sentence reduction is already

on appeal, the court has no jurisdiction over Defendant's new request for a sentence reduction based on a different theory. *See United States v. Davila-Lopez*, 692 F. App'x 9, 11 (1st Cir. 2017) (vacating the district court's grant of a motion to reduce sentence under § 3582(c)(2) when the sentence was on direct appeal noting that "[t]he district court did not have jurisdiction over Davila-Lopez's motion…because this court had assumed appellate jurisdiction over Davila-Lopez's sentence") (citation omitted).

Further, even if the court retained jurisdiction over the Motion to Correct Sentence, it is substantively meritless. Defendant seeks retroactive application of "Part D" of § 2D1.1 of the Sentencing Guidelines. Section 2D1.1 is the guideline section for unlawful manufacturing, importing, exporting, or trafficking of controlled substances including attempt and conspiracy offenses. There is no "Part D" of § 2D1.1, nor any revision to that guideline since Defendant's sentencing. *See United States v. Brown*, 2024 WL 3849706, at *2 (D.S.D. Aug. 16, 2024) (rejecting argument premised on "Part D" of § 2D1.1 and noting that "Part D" does not exist). If the Sentencing Commission amends § 2D1.1 and makes that amendment retroactive, Defendant may file a renewed motion for a sentence reduction.

**B. Motion for Reconsideration (Doc. 240)**

Defendant contends that the court should reconsider its denial of her motions for a compassionate based on the incapacity of the caregivers for her children. She argues that the court erred by not considering her argument in light of 2023 amendments to the Sentencing Guidelines. There are two preliminary issues: whether the court retains jurisdiction over the Motion for Reconsideration, even though the case is on appeal, and whether the court should analyze the motion under Federal Rule of Civil Procedure 59 or 60.

Staring with jurisdiction, the court retains jurisdiction to consider or deny a motion for reconsideration when a case is on appeal, but "it no longer has jurisdiction to grant such a motion while the appeal is pending." *Perkins v. Livingston*, 2012 WL 13184344, at *2 (E.D. Tex. Oct. 1, 2012) (quoting *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004)). Because, as explained below, the court denies the Motion for Reconsideration.  There is no jurisdictional issue.

As for what federal rule governs the substantive analysis:

> [a]lthough the Federal Rules of Civil Procedure do not provide a distinct mechanism by which a party may move the Court to reconsider its rulings, it is well established that a motion so denominated and challenging a prior judgment on the merits, if filed within twenty-eight days of the issuance of the challenged judgment, must be construed as a motion to alter or amend that judgment pursuant to Rule 59(e) of the Court's ruling; or, if filed beyond that time, as a motion for relief from the judgment pursuant to Rule 60(b).

*United States v. Heredia*, 2024 WL 3105019, at *2 (E.D. La. June 24, 2024) (citing *Shepherd*, 372 F.3d at 328 n.1; *Cavalier v. Jill L. Craft Att'y at L., L.L.C.*, 2024 WL 2846059, at *2, n.2 (5th Cir. June 5, 2024). Regarding the time of filing in this context specifically, under the prisoner mailbox rule, a motion for relief from judgment is considered filed as of the date it is delivered to prison officials for mailing. *See Uranga v. Davis*, 893 F.3d 282, 285 (5th Cir. 2018).

Defendant did not certify when she submitted the Motion for Reconsideration for mailing; she signed it on July 26, 2024, so the court assumes that it was submitted to prison officials for mailing on that date. *See, e.g.*, *Cockrell v. United States*, 2016 WL 111190470, at *3 (E.D. Tex. Oct. 18, 2016) ("Absent evidence to the contrary, federal courts assume that a *pro se* pleading is delivered to prison authorities for mailing the date it was signed.") (citing *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *United States v. Rosenblum*, 2005 WL 3262548, at *1 (S.D. Tex. Nov. 29, 2005)). Therefore, it is considered filed on that date. Because Defendant

filed her Motion within twenty-eight days of the order that she asks the court to reconsider, her Motion for Reconsideration is evaluated under Rule 59(e).

A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (internal citations omitted). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted).

Turning to the merits, Defendant argued in her compassionate release motions that she was entitled to a sentence reduction because the caregivers for her children were incapacitated. The court rejected that argument because (1) Defendant failed to show that the caregiver of her child in Mexico was incapacitated as contemplated by the Sentencing Guidelines, (2) Defendant failed to show that she would be a suitable caregiver for her children if released, and (3) Defendant failed to show that there were no other available caregivers. *See* Doc. 229 at 3-6.

Defendant does not contest any of that reasoning here. She claims instead that the court erred by not analyzing her claims under the November 2023 amendments to the Sentencing Guidelines, which, among other things, provided new examples in the applicable policy statement of "extraordinary and compelling reasons" that may justify a sentence reduction. Defendant, however, is mistaken. The court did consider her motion under the amended Sentencing Guidelines. This is evident from the court's description of the applicable policy statement, which now provides for six types of "extraordinary and compelling reasons" for compassionate release, while the pre-2023-amendments version contained only four such categories. *See* Doc. 229 at 2-3

(explaining that the Sentencing Commission's policy statement provides for six types of "extraordinary and compelling reasons" for compassionate release and listing those reasons); *United States v. Jean*, 108 F. 4th 275, 278, 289 (5th Cir. 2024) (explaining that the 2023 amendments to Sentencing Guidelines now provide for six types of extraordinary and compelling circumstances, while previously, the commentary to the applicable policy statement included only four types of extraordinary and compelling circumstances).

In any event, Defendant fails to show how the 2023 amendments make any difference. Even before the 2023 amendments, courts found that the death or incapacitation of the caregiver of a defendant's minor child or minor children could provide an extraordinary and compelling reason for compassionate release. *See, e.g.*, *United States v. Mathews*, 2023 WL 5924411, at *2 (S.D. Ohio Sept. 12, 2023) (citing *United States v. Cole*, No. 18-20237, 2021 WL 194194, at *2 (E.D. Mich. Jan. 20, 2021)). The prior policy statement—which was considered persuasive but not binding on prisoner-filed compassionate release motions—said that the "death or incapacitation of the caregiver of the defendant's minor child or minor children" may constitute an extraordinary and compelling reason for a sentence reduction. *See id.* (citing USSG § 1B1.13, Application Note 1(C)(i)). The 2023 amendments only slightly altered that language. The amended policy statement now states that extraordinary and compelling reasons may exist upon the "death or incapacitation of the caregiver of the defendant's minor child or defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or medical condition." *See* USSG § 1B1.13. Defendant fails to show how this amendment bolsters her argument for compassionate release or how the court's analysis would have been any different had it analyzed her claims under the pre-2023-amendments version of the Sentencing Guidelines, which, as explained, it did not.

Defendant fails to show that the court erred in denying her motions for compassionate release because of the incapacitation of caregivers for her minor children, so her Motion for Reconsideration will be denied.

### C. Motion to Proceed IFP on Appeal (Doc. 244)

Finally, Defendant moves for leave to proceed IFP on the appeal of the denial of her compassionate release motions and motion for a sentence reduction under § 3582(c)(2) and Amendment 821. Upon careful consideration of the motion, the court finds that it should be **granted**, and Defendant shall be entitled to proceed IFP on appeal.

### III.   Conclusion

The court **denies** Defendant's Motion to Correct Sentence (Doc. 237) and Motion for Reconsideration (Doc. 240). The court **grants** Defendant's Motion to Proceed IFP on Appeal (Doc. 244).

**It is so ordered** this 20th day of September, 2024.

Sam A. Lindsay
United States District Judge